UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-135-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| WILLIAM ALEXANDER, JR., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Amended Motion to Seal, (Doc. No. 35), in which Defendant seeks, through counsel, to seal this Court's sentencing hearing transcript, "currently existing or whenever made, because of the sensitive information contained therein." (Id. at 1). The Government opposes the motion to seal.

## DISCUSSION

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 428 (4th Cir. 2005)). In Doe, the Fourth Circuit explained:

> The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." In re United States for an Order Pursuant to 18 U.S.C. Section 2703, 707 F.3d 283, 290 (4th Cir.2013) (quoting Va. Dep't of State Police, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." Rushford [v. New Yorker Magazine, Inc.], 846 F.2d [249, 253

(4th Cir. 1988)]. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," Stone [v. University of Md. Med. Sys. Corp.], 855 F.2d [178, 180 (4th Cir.1988)], and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir.1986) (quoting Press–Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984) (internal quotation marks omitted)).

749 F.3d at 265-66. In determining whether to seal judicial documents,

> a judicial officer must comply with certain procedural requirements. [In re Washington Post Co., 807 F.2d 383, 390 (4th Cir.1986).] The decision to seal documents must be made after independent review by a judicial officer, and supported by 'findings and conclusions specific enough for appellate review.' [Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65–66 (4th Cir. 1989)]. If a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents. . . .

Media Gen. Operations, Inc., 417 F.3d at 429 (citation omitted).

A party seeking to seal any pleading in this Court must comply with its Local Rules.

Local Civil Rule ("LCvR") 6.1 provides in relevant part:

> **LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a) Scope of Rule.** To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b) Filing under Seal.** No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c) Motion to Seal or Otherwise Restrict Public Access.** A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
> > **(1)** A non-confidential description of the material sought to be sealed;

    **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

    **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

    **(4)** Supporting statutes, case law, or other authority.

    To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

  **(d) Filing of an Unredacted Copy Allowed.** The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

  **(e) Public Notice.** No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24. Where the Court acts before the response, any party or non-party may move to unseal at any time.

Local Civil Rule 6.1. In turn, this Court's Local Criminal Rule 49.1.1 incorporates the sealing requirements of Local Civil Rule 6.1.

The Court will deny the motion to seal. First, Defendant has not complied with the requirements of this Court's local rules in filing the motion to seal. Specifically, Defendant has not provided supporting authority to justify sealing the entire sentencing hearing transcript in its entirety. Furthermore, the Court agrees with the Government that Defendant has not provided compelling reasons for sealing the entire sentencing hearing transcript and ordering such sealing would not comport with the public's First Amendment right to access to court proceedings.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion to Seal, (Doc. No. 35), is **DENIED**.

Date: September 17, 2020

*[Signature]*

Max O. Cogburn Jr.
United States District Judge